Mr. Justice ThacheR
delivered the opinion of the court.
W. & J. Gasquet & Co. instituted an action of assumpsit against Charles F. Fisher, James W. Eskridge and William C. Eskridge, as the members of the copartnership of Charles F. Fisher *315 & Co., upon a promissory note made by Charles F. Fisher & Co. A plea in abatement, under oath, was filed by the defendants, setting up that Charles F. Fisher and James W. Eskridge alone constituted the firm of Charles F. Fisher & Co., and that William C. Eskridge was not, at the time the note was made, a partner of that firm. A demurrer, filed to this plea, was sustained by the circuit court, and the defendants there declining to plead further, the plaintiffs dismissed their action against William C. Eskridge, and took a final judgment against the other defendants.
It is a rule of pleading, that if two or more are sued together, when by law the action should have been brought against any less number of them only, the misjoinder is pleadable in abatement. In this case, so far as technical rules of pleading are concerned, the plea in abatement seems to be sufficiently well pleaded, and the defects assigned upon demurrer, do not seem to exist in the plea.
A good deal of reliance is placed, in argument, upon the circumstance that a nolle prosequi was entered as to the defendant, William C. Eskridge, after the judgment upon the demurrer, and the refusal to plead upon the judgment of respondeat ouster. Had the nolle prosequi been entered before any judgment upon the demurrer, such an amendment would have been within the statute, and warranted by it, but such an amendment would have come too late after a proper judgment overruling the demurrer. Amendments can only be made before verdict, and a judgment overruling the demurrer is conclusive of the case.
Judgment reversed, and this court, proceeding to give the judgment which should have been given by the court below, direct that the demurrer be overruled, and that the plaintiffs below take nothing by their suit.